**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION**

| | |
|---|---|
| **Sam Harrison**<br>**5523 1st Street NW**<br>**Washington, DC 20011,**<br><br>*on behalf of himself and all others similarly situated,*<br><br>                      **Plaintiff,**<br>   v.<br><br>**Cohen, Roberts & Associates, LLC**<br>**1284 Som Center Road #338**<br>**Mayfield Heights, Ohio 44124,**<br><br>                      **Defendant.** | **CASE NO.**: _____<br><br>**JUDGE**<br><br>**CLASS ACTION COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

      For his Class Action Complaint, Plaintiff, Sam Harrison, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION

      1.     Plaintiff, Sam Harrison ("Plaintiff") files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by Defendant Cohen, Roberts & Associates, LLC ("Defendant" or "Cohen, Roberts"). Defendant conducts its debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

      2.     This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against Defendant arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant resides in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is an adult individual residing in Washington, D.C., and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendant sought to collect from him was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

5. Cohen, Roberts is a debt collection company that touts on its letterhead that its "Services [are] Limited to Collections." Cohen, Roberts is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts. As such, Cohen, Roberts is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO PLAITNIFF

6. Plaintiff incurred an alleged debt (the "Debt") to SERVPRO of Bethesda (the "Original Creditor").

7. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5) in that it was allegedly incurred in connection with personal and household services.

8. Thereafter, the Original Creditor sold the Debt to Cohen, Roberts or otherwise enlisted Cohen, Roberts to collect the Debt on its behalf.

9. On or about May 21, 2018, Cohen, Roberts sent Plaintiff an initial collection letter in an attempt to collect the Debt (the "Letter"). A copy of the Letter is annexed hereto and made a part of this Complaint as <u>Exhibit A</u>.

10. The body on the front page of the Letter set forth in pertinent part:

> SAM HARRISON,
>
> This notice is to advise you that Cohen, Roberts & Associates, LLC has been hired to represent Servpro Corporation with regards to the collection claim of past due monies owed.
>
> The past due billings are for services completed at the address stated above. To date, Servpro has not been fully compensated for the work provided.
>
> Demand is now being made for full payment of the balance which is due within 5 business days of receipt of this letter. Failure to respond within 5 business days will force the above-named creditor to take additional actions which will include but are not limited to: an asset and liability investigation into personal assets for the purpose of litigation and/or the reporting of this debt to all major credit bureaus and/or file a Mechanics Lien against the property. Please read the attached terms of the contract and the terms agreed to.
>
> Direct all payments, correspondence, and inquiries thru Cohen, Roberts & Associates LLC at the above address or contact the undersigned directly.
>
> I await your response / payment.
>
> Jeffrey R. Hennen

Exhibit A (emphasis in original).

11. Below Mr. Hennen's signature, the Letter purports to provide the notifications required by 15 U.S.C. §1692g(a)(4-5) and sets forth:

> **This is from a Debt Collection Company and a Debt Collector. This is an attempt to collect a debt.** Any information obtained will be used for that purpose. You are entitled to certain information that sets forth your rights and our obligations under the law. The law provides that (a) Within five (5) days after our initial communication with you in connection with the collection of any debt, unless the following information is contained in the initial communication or unless you have paid the debt, we shall send you a written notice containing (1) the amount of the debt, (2) the name of the creditor to whom the debt is owned, (3) unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us, (4) if you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the debt, judgment against you and a copy of such verification or judgments will be mailed to you by us, and (5) upon your written request within the thirty (30) day period, we shall cease collection of the debt, or any disputed portion thereof, until we obtain verification of the debt or a copy of a judgment

Exhibit A (emphasis in original).

12. The threats in the Letter that Cohen, Roberts will (1) perform "an asset and liability investigation into personal assets for the purpose of litigation"; (2) "report[ ] . . . this debt to all major credit bureaus"; and (3) "file a Mechanics Lien against the property," if the Plaintiff "fail[s] to respond within 5 business days" of receipt of the Letter, overshadow and contradict Plaintiff's right to dispute the Debt within the following thirty (30) days. .

13. Moreover, rather than simply discharge its obligations under the FDCPA by listing the amount of the debt and the creditor, the Letter goes on to describe to consumers what a debt collector's obligations to the consumer are under the FDCPA: "[t]he law provides that (a) Within five (5) days after our initial communication with you in connection with the collection of any debt, unless the following information is contained in the initial communication or unless you have paid the debt, *we shall send you a written notice* containing (1) the amount of the debt, (2) the name of the creditor to whom the debt is owned . . . ." (Exhibit A) (emphasis supplied). In so doing, the Letter confuses consumers as to whether the Letter constitutes the referenced "written notice" or the "initial communication," and relatedly, whether Cohen, Roberts intends on sending a separate, subsequent written notice within the following five days.

14. The confusion as to whether the Letter is the referenced "Notice," or whether Cohen, Roberts will send a subsequent notice, is materially misleading because the Letter goes on to say ". . . (3) unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us, (4) if you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the debt, judgment against you and a copy of such verification or judgments will be mailed to you by us, and (5) upon your written request within the thirty (30) day period, we shall cease collection of the debt, or any disputed portion thereof, until we obtain verification of the

debt or a copy of a judgment." Read together, the above statements mislead consumers as to whether the thirty-day period begins upon receipt of the Letter, or whether it will be measured from the receipt of some subsequent letter that Defendant intends on sending over the following five days.

15. The Letter is an example of form letters, substantially similar to thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

**The Class**

16. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

17. Plaintiff seeks to represent a class defined as:

> **All consumers in the United States of America who were sent a letter in substantially the same form as the Letter by or on behalf of Defendant, within one year prior to the filing of this action and which was not returned as undeliverable.**

**A. Numerosity**

18. The Letter is a mass-mailed form letter. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

19. Upon information and belief, Defendant sends or causes to be sent thousands of similar deceptive Letters to consumers.

20. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

21. Plaintiff reasonably believes that there are thousands of consumers who are members of the class.

**B.**     **Common Questions of Law and Fact**

22.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

- a. Whether Defendant's practice of transmitting communications to consumers in the form of the Letter violates the FDCPA;
- b. Whether Defendant is liable for damages, and the amount of such damages; and
- c. Whether Defendant should be enjoined from such conduct in the future.

23.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant's transmission of the Postcard to Plaintiff and numerous other consumers violated the FDCPA, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**C.**     **Typicality**

24.    Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to him by Defendant.

**D.**     **Protecting the Interests of the Class Members**

25.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**E.**     **Proceeding Via Class Action is Superior and Advisable**

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

27. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

28. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

30. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

31. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

<u><b>COUNT I</b></u><br><u><b>VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(b)</b></u>

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. The FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

****

>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts
>
>   If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

34. The Letter, via Defendant's various threats to take action if Plaintiff does not respond to the Letter within five (5) days, overshadows the disclosure of a consumer's rights to dispute the debt within thirty (30) days, and therefore violates 15 U.S.C. § 1692g(b).

35. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e

36. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

37. The FDCPA, 15 U.S.C. § 1692e, provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. The Letter is misleading and open to more than one interpretations, in violation of 15 U.S.C. § 1692e, as it includes language that is unclear as to whether the Letter was in fact the "written notice" sent pursuant to 15 U.S.C. § 1692g(b), or whether Defendant intended on subsequently sending a separate notice within the following five (5) days. Relatedly, the Letter is misleading as to which date the recipient's 30-day dispute period runs from.

39. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in their favor and in favor of the members of the class and against Defendants, as follows:

    A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

    B) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

    C) Awarding injunctive relief prohibiting the Defendant from sending debt collection letters substantially similar to the Letter; and

    D) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 17, 2018

        Respectfully submitted,

        By   */s/ Sergei Lemberg*

        Sergei Lemberg
        Lemberg Law, LLC
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        *Attorneys for Plaintiff*